UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CHRISTOPHER FELTY,

    Plaintiff,                        Case No. 3:18-cv-179

vs.

COMMISSIONER OF SOCIAL SECURITY,      District Judge Walter H. Rice
                                                   Magistrate Judge Michael J. Newman

    Defendant.
_____

**REPORT AND RECOMMENDATION[1] THAT: (1) THE NON-DISABILITY FINDING AT ISSUE BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**
_____

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 13), Plaintiff's reply (doc. 14), the administrative record (doc. 7),[2] and the record as a whole.

I.

A. **Procedural History**

Plaintiff filed for SSI on September 5, 2014 alleging disability as a result of a number of alleged impairments including, *inter alia*, degenerative disc disease, a right knee internal derangement, and rheumatoid arthritis. PageID 43.

After an initial denial of his application, Plaintiff received a hearing before ALJ Elizabeth A. Motta on June 6, 2017. PageID 66-92. The ALJ issued a written decision on November 16, 2017

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed record will refer only to the PageID number.

finding Plaintiff not disabled. PageID 40-54. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[3] "there were jobs that exist in significant numbers in the national economy that he could have performed[.]" PageID 47, 54.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 31-33. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

B.   **Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 40-54), Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 13), and Plaintiff's reply (doc. 14). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

A.   **Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

---

[3] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 416.967(a).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;
2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

## III.

On appeal, Plaintiff argues that the ALJ erred in: (1) weighing the opinions of his treating physician; (2) weighing the opinions of the state agency's physicians; and (3) assessing his credibility. Doc. 9 at PageID 735. Agreeing with the first assignment of error and finding additional error in the ALJ's RFC calculation,[4] the undersigned would direct the ALJ to consider Plaintiff's remaining arguments on remand.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.927(c)(2).

---

[4] This Court has authority to review errors *sua sponte*. *See Gwin v. Comm'r of Soc. Sec.*, No. 02-4317, 109 Fed. App'x. 102 (6th Cir. Sept. 8, 2004); *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 416 (6th Cir. 2011).

4

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 416.927(c).[5]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 416.927(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

---

[5] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 416.927. *Id*.

Here, Archie Enoch, M.D., Plaintiff's family physician who provided treatment throughout the time period here at issue, authored three separate opinions that consistently detail Plaintiff's disabling limitations. First, in May, 2015, Dr. Enoch opined that Plaintiff was unable to sit or stand for more than fifteen minutes at a time; could lift only up to five pounds; was extremely limited in bending; and markedly limited in handling. PageID 492. Dr. Enoch explained that these limitations were based on observations of "increased posterior neck pain and right upper back pain with upper extremity activity, rotation of torso, bending from waist or lifting." *Id.* In July 2016, Dr. Enoch issued a second opinion finding that Plaintiff's impairments necessitated similar or more stringent limitations. PageID 494. Finally, Dr. Enoch wrote a third opinion in February 2017, finding that Plaintiff could not lift more than five pounds; could not sit or stand more than fifteen minutes at a time; could occasionally manipulate his hands; would be off task twenty percent or more of the day; and would be absent from work approximately three times a month. PageID 703.

Despite the deference owed to the opinions of Dr. Enoch, as Plaintiff's treating physician, the ALJ declined to find them entitled to "controlling or deferential weight." PageID 49. Instead, she afforded "little weight to his assessments, as they are inconsistent with the record as a whole as well as the specific examination findings associated with the encounters." *Id.* Multiple errors lie in the ALJ's analysis of Dr. Enoch's opinion.

Initially, the undersigned notes that although the ALJ purported to contrast Dr. Enoch's opinion with the "record as a whole," she failed to provide even a single citation to the record demonstrating the asserted inconsistencies. *Id.* Such an omission constitutes reversible error. *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x. 543, 551–52 (6th Cir. 2010) (holding that "it is not enough to dismiss a treating physician's opinion as 'incompatible' with other evidence of record"); *Cox v. Comm'r of Soc. Sec.*, 615 Fed. Appx. 254, 258 (6th Cir. 2015) (finding the "ALJ erred by discounting a treating source's opinions as inconsistent with the record without discussing extensive treatment notes from another source"); *Mays v. Comm'r of Soc. Sec.*, No. 1:08-cv-871, 2010 WL 5152595, at *11 (S.D. Ohio Nov.

6

8, 2010) (holding that where the ALJ did not cite to the record, "[t]he ALJ failed to sufficiently articulate his assessment of the evidence to assure the Court that he considered the relevant record evidence and to enable the Court to trace the path of his reasoning").

The ALJ's assessment -- that Dr. Enoch's opinion was inconsistent with his own treatment records -- also constitutes error because it amounts to an impermissible usurpation of Dr. Enoch's role as a physician. *See Simpson v. Comm'r. of Soc. Sec.*, 344 Fed. Appx. 181, 194 (6th Cir. 2009) (citing *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) (stating "ALJ's must not succumb to the temptation to play doctor and make their own independent medical findings"); *Isaacs v. Comm'r of Soc. Sec.*, No. 1:08-cv-828, 2009 WL 3672060, at *10 (S.D. Ohio Nov. 4, 2009). As the ALJ noted, Dr. Enoch documented on multiple occasions that Plaintiff had "posterior neck tenderness and palpable muscle tenderness in the right mid-back." PageID 409, 499. Indeed, Dr. Enoch explicitly cited these findings as the grounds for his conclusions regarding Plaintiff's limited functional abilities. PageID 491, 494. It is unclear why such findings could not support Dr. Enoch's "extreme limitations," as suggested by the ALJ. PageID 49. The severity of Plaintiff's neck and back abnormalities was not specified by Dr. Enoch, and the ALJ was not permitted to interpose her own qualifiers and discredit the findings of a treating physician's opinion on that basis. *See Drew v. Comm'r of Soc. Sec.*, No. 3:16-CV-289, 2017 WL 2805098, at *6 (S.D. Ohio June 29, 2017), *report and recommendation adopted*, No. 3:16-CV-289, 2017 WL 3024248 (S.D. Ohio July 17, 2017) (finding reversible error where the ALJ interpreted a treating physician's notes indicating "significant anxiety symptoms" as "mild to moderate anxiety"). The ALJ committed reversible error by failing to establish "good reasons" for discounting the opinions of Plaintiff's treating physician. *Mitchell v. Comm'r of Soc. Sec.*, 330 Fed. Appx. 563, 569 (6th Cir. 2009).

Finally, the undersigned finds error in the ALJ's calculation of Plaintiff's RFC. Specifically, the ALJ erred in rejecting multiple doctors' opinions that Plaintiff was limited to occasional handling, and instead unilaterally concluded that he was capable of frequent handling. PageID 50. "While the

7

ALJ must consider all of the relevant evidence in determining a claimant's RFC, the RFC is ultimately a medical question that must find at least some support in the medical evidence of record." *Hale v. Comm'r of Soc. Sec.*, 307 F. Supp. 3d 785, 793 (S.D. Ohio 2017) (citing *Casey v. Astrue*, 503 F.3d 687, 697 (8th Cir. 2007)). Such is not the case here where the ALJ's conclusion -- that Plaintiff was capable of frequent handling -- is not supported by a single medical opinion of record. PageID 50. *See Hale*, 307 F. Supp. 3d at 793 ("[A]bsent citation to any medical source's RFC opinion regarding Plaintiff's mental impairments, the undersigned finds the ALJ's RFC determination unsupported by substantial evidence").

Rather, Dr. Enoch and the state agency's reviewing physician, Elizabeth Das, M.D., both opined that Plaintiff was limited to occasional handling. PageID 48, 494. Examining physician, Aivars Vitols, D.O. documented that Plaintiff suffered from "weak…pinch and grip" and weakness in his wrists. PageID 426. The ALJ discredited these findings, asserting that "there are few examination findings in the record regarding the claimant's hands." PageID 48. Yet, the ALJ neglected to consider, in addition to these three consistent opinions, that the record also demonstrates Plaintiff had "2/5 strength in his left hand," PageID 409, "mild contracting of his fingers," PageID 477, and difficulty reaching and lifting with his left arm, PageID 336. The RFC is therefore unsupported by substantial evidence because an "ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his [or her] position." *Hawthorne v. Comm'r of Soc. Sec.*, No. 3:13–cv–179, 2014 WL 1668477, at *11 (S.D. Ohio Apr. 25, 2014) (citing *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir.2000)). The Vocational Expert at the hearing testified that a limitation to occasional rather than frequent handling may preclude a significant number of jobs in the national economy which the claimant can perform. PageID 87. Thus, this error committed by the ALJ is not harmless and demands reversal.

**IV.**

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). In this instance, evidence of disability is not overwhelming, and remand for further proceedings -- as specifically set forth above -- is proper.

**V.**

**IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**; (2) this matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case be **CLOSED**.

Date: May 17, 2019          s/ Michael J. Newman
Michael J. Newman
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).